IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

TAMMY L. BONHAM,                )
                                )
            Plaintiff,          )
                                )
v.                              )   Case No. CIV-11-087-KEW
                                )
MICHAEL J. ASTRUE,              )
Commissioner of Social          )
Security Administration,        )
                                )
            Defendant.          )

## OPINION AND ORDER

Plaintiff Tammy L. Bonham (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act.  Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled.  For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. See, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. See generally, Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); see also, Casias, 933 F.2d at 800-01.

## Claimant's Background

Claimant was born on August 20, 1966 and was 43 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade. Claimant worked in the past as a janitor. Claimant alleges an inability to work beginning January

11, 2007 due to limitations resulting from scoliosis, degenerative disc disease, hypertension, and probable arthritis in the right shoulder.

## Procedural History

On February 27, 2007, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application were denied initially and upon reconsideration. On October 24, 2008, an administrative hearing was held before ALJ Lantz McClain in Tulsa, Oklahoma. On September 25, 2009, the ALJ issued an unfavorable decision. On January 14, 2011, the Appeals Council denied review of the ALJ's decision. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of sedentary work.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in (1) failing to properly consider the opinions of Claimant's treating physician; and (2) failing to reach an RFC which is based upon substantial evidence.

**Consideration of Treating Physician's Opinion**

Claimant contends the ALJ failed to properly consider the opinions of Dr. Sadaf Hussain and Dr. Patrick Sullivan. Dr. Hussain began seeing Claimant in January of 2007. Dr. Hussain completed a Physical and/or Mental Capacities Evaluation form on Claimant dated April 25, 2007. He diagnosed Claimant with osteoarthritis of the left knee, back, moderate scoliosis and CVA (cerebral vascular accident). He rated the severity of Claimant's pain as "intense" at a 6-7 out of 10. Dr. Hussain estimated Claimant's pain lasted 20 hours per day for 7 days per week with relief provided by medication and lying down. He found Claimant's concentration and mood were moderately affected. Claimant was restricted to lifting not more than 5 pounds. (Tr. 256).

Dr. Hussain found Claimant could sit for 15 minutes without changing position for a total of 3-4 hours in an 8 hour workday, stand for 30 minutes without changing positions for a total of 1-2 hours in an 8 hour workday, and walk without changing positions for

15 minutes for a total of 3-4 hours in an 8 hour workday. Claimant could occasionally bend at the waist and reach out, was very limited in squatting at the knees, and could never crawl, climb stairs, or reach overhead. Dr. Hussain stated that Claimant dropped items and had trouble with her gait. He placed no environmental restrictions upon Claimant. He also noted Claimant suffered from severe depression and PTSD but was on medication and sought counseling. Dr. Hussain stated Claimant's mental condition "very severe[ly]" affected her ability to get along with friends, family, co-workers, or supervisors. He also proffered that Claimant's condition "severe[ly]" affected her ability to carry out instructions and complete tasks. (Tr. 257). Dr. Hussain opined that Claimant would experience bad days which would prevent her ability to work on a frequency of two weeks per month. (Tr. 258).

On September 26, 2008, Dr. Sullivan completed a form provided by Claimant's counsel. He stated Claimant suffered from depression, scoliosis, arthritis, sleep apnea, and restless leg syndrome. Dr. Sullivan outlined Claimant's treatment for each condition. He estimated Claimant's pain level at "moderate 4-5" out of 10, lasting 7 days a week. Claimant's pain was relieved by alternating between sitting and standing. Her pain was found to moderately affect her concentration and mood. (Tr. 311). Dr. Sullivan found Claimant could lift 10 pounds occasionally and no

weight frequently. Claimant could sit and stand/walk for 15 minutes without changing positions for a total of 2 hours per 8 hour workday. Dr. Sullivan found Claimant to be "very limited" in bending at the waist, crawling, and climbing stairs while "occasionally" being able to squat at the knees, reach out, and reach overhead. He also stated that Claimant's low back pain might be worse with continual reaching. Claimant's medication was "not likely" to affect her ability to work. (Tr. 312).

Dr. Sullivan concluded Claimant's depression would "moderate[ly]" affect her ability to work. Her activities of daily living were "mild[ly]" affected and her ability to maintain social functioning and maintain concentration, persistence or pace would be "moderate[ly]" affected. Dr. Sullivan opined that Claimant would have good days and bad days with the bad days affecting her work 1-2 days per quarter. (Tr. 313).

In his decision, the ALJ recited the findings by both Dr. Hussain and Dr. Sullivan. He gave neither opinion controlling weight, although he acknowledged both physicians as Claimant's treating doctors. In deciding how much weight to give the opinion of a treating physician, an ALJ must first determine whether the opinion is entitled to "controlling weight." Watkins v. Barnhart, 350 F.3d 1297, 1300 (10th Cir. 2003). An ALJ is required to give the opinion of a treating physician controlling weight if it is

7

both: (1) "well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) "consistent with other substantial evidence in the record." Id. (quotation omitted). "[I]f the opinion is deficient in either of these respects, then it is not entitled to controlling weight." Id.

Even if a treating physician's opinion is not entitled to controlling weight, "[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527." Id. (quotation omitted). The factors reference in that section are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Id. at 1300-01 (quotation omitted). After considering these factors, the ALJ must "give good reasons" for the weight he ultimately assigns the opinion. 20 C.F.R. § 404.1527(d)(2); Robinson v. Barnhart, 366 F.3d 1078, 1082 (10th Cir. 2004)(citations omitted). Any such findings must be

8

"sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinions and the reason for that weight." Id.  "Finally, if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." Watkins, 350 F.3d at 1301 (quotations omitted).

With regard to Dr. Hussain's opinion, the ALJ rejected giving it controlling weight because (1) a January 31, 2007 x-ray revealed "no significant degenerative joint change" and a CT scan of Claimant's head from May 1, 2007 was unremarkable and showed no evidence of CVA; and (2) Dr. Hussain proffered an opinion on Claimant's RFC which is reserved to Defendant.  Claimant's scoliosis was diagnosed as far back as August of 2005 by a different physician and her continuing problems with back pain and stiffness continued through 2007.  The fact that one x-ray showed no significant change does not lessen the limitations Dr. Hussain noted in his medical opinion.  Moreover, the boilerplate language utilized by the ALJ in stating Dr. Hussain invaded the purview of Defendant in stating his opinions is not borne out by the report. While some of Dr. Hussain's opinions touch upon the ability to engage in specific activities, the vast majority of the opinion information provided reflects medical diagnoses and observations made during Dr. Hussain's treatment of Claimant.  In short, the ALJ

9

must reevaluate the <u>Watkins</u> analysis and the weight afforded Dr. Hussain's opinions on remand.

With regard to the opinions of Dr. Sullivan, the ALJ rejected giving controlling weight to them because (1) polysomnographic testing from May 2, 2008 did not reveal restless leg syndrome and only very mild sleep apnea; (2) Dr. Sullivan only saw Claimant four times; (3) Dr. Sullivan stated Claimant's compliance was only fair; and (4) Dr. Sullivan rendered an opinion on matters reserved to Defendant. The ALJ fails to explain how any of these identified bases justified providing no weight to Dr. Sullivan's opinions. A single test which discounted a single condition among many upon which Dr. Sullivan relied in order to limit Claimant's activities is not sufficient to reject the entire opinion. The fact Dr. Sullivan saw Claimant on four occasions does not lessen his findings - the ALJ accepted Dr. Sullivan as a treating physician despite this number. Whether Claimant was compliant has no bearing upon the weight which should be afforded the opinions of a treating physician. Again, Dr. Sullivan rendered medical opinions while admittedly also including opinions reserved to Defendant. None of these stated reasons for rejection of Dr. Sullivan's opinions justified the wholesale discounting of his statements. On remand, the ALJ shall reevaluate Dr. Sullivan's opinions.

**RFC Determination**

Claimant also contends the ALJ did not sufficiently consider her mental impairment - depression and anxiety - in his RFC determination. The ALJ omitted evidence from his decision of Claimant's treatment for depression in concluding Claimant did not seek treatment with sufficient frequency to find a severe impairment. The ALJ also failed to consider the opinions of Dr. Hussain and Dr. Sullivan in reaching Claimant's RFC on physical impairments. On remand, the ALJ shall reconsider his RFC determination in light of the totality of evidence in the medical record.

**Conclusion**

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds, in accordance with the fourth sentence of 42 U.S.C. § 405(g), the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Opinion and Order.

DATED this 2nd day of July, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE